Condell v. Snyder.

JOSEPH CONDELL

v.

G. SNYDER ET AL.

*Contract for Sinking Well—Action to Recover Balance—Conflict of Evidence—Instructions.*

In an action to recover a balance claimed to be due on a contract for sinking a well, this court declines to interfere with the verdict, the evidence being sharply conflicting and there being no error in the instructions.

[Opinion filed December 8, 1888.]

APPEAL from the County Court of Lake County; the Hon. FRANCIS E. CLARKE, Judge, presiding.

Messrs. WHITNEY & UPTON, for appellant.

Mr. CHARLES T. BACKUS, for appellees.

LACEY, P. J.  This was a suit originally brought before a justice of the peace to recover the contract price claimed to be due to appellees for sinking a well on the farm of the appellant, and upon appeal tried in the County Court.  In the County Court the case was tried by a jury and the verdict and judgment were for appellees, for $60 and costs.  From such judgment this appeal is taken.

The appellees contended that the contract was to furnish a well that supplied stock water; that it was not warranted to be free from sand; that they did sink such a well, and that appellant refused to pay them because it was not clear from sand.

The appellees further contend that they could have procured pure water by going deeper, but appellant refused to allow them to do so unless at their own expense.  The well was to be dug at so much per foot.  On the other hand, appellant contends that the well was to furnish plenty of good water free from sand; that the well was to be sunk in an old well and so much paid for piping the old well and so much for sinking and piping further; that appellees guaranteed to procure good water without sand for 100 or more cattle; that the pump could be worked with the wind-mill appellant then had; that one-half was to be paid down and appellant to take the chances, the balance to be paid when the work was completed.  The one-half was paid as agreed.  The appellant contended that the well was valueless on account of the sand that was pumped up.  The evidence in regard to the terms of the contract and the finishing the well in accordance therewith was conflicting.  The case of appellees was supported by their own testimony, and two other witnesses.

If what they testified to was true, they had a right to recover.  On the other hand, the appellant supported his side of the case by his own testimony and that of his hired man, Metzner.  Thus there was a sharp conflict of the evidence.  Under the circumstances it was for the jury to decide, and its verdict should not be disturbed unless clearly against the weight of the evidence.  We can not say that it is so.  Some

complaint is made in regard to the appellees' instructions, but on examination we find them substantially correct, though probably not in the best form.    The appellant's given instructions were full and all that could be asked, and the refusal to give others was not error.    Seeing no error in the record, the judgment is affirmed.

*Judgment affirmed.*